IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD L. BEARD, SR.,**

           **Plaintiff,**

    v.                                      CASE NO. 09-3269-SAC

**STATE OF KANSAS, et al.,**

           **Defendants.**

**O R D E R**

This matter comes before the court on a pro se form complaint submitted under 42 U.S.C. § 1983 by a pretrial detainee confined in the Reno County Detention Center in Hutchinson, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action. See 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date

of filing of a civil action. Having considered the sparse financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

## *42 U.S.C. § 1983*

Plaintiff's allegations in the complaint center on his dissatisfaction with his defense counsel, Britt Colle. Plaintiff contends Colle is not adequately or properly investigating plaintiff's case, conducting and sharing discovery, or pursuing plea negotiations. Plaintiff further states he filed a disciplinary complaint against Colle, an appeal in the state courts, and asked the trial judge for substitute counsel. In the present case, plaintiff seeks the appointment of a new attorney, and also seeks restitution for Colle's alleged malpractice, ineffective assistance, and implied coercion. The two defendants named in the complaint are Colle and the State of Kansas.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court is to dismiss an in forma pauperis complaint if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having reviewed plaintiff's allegations, the court finds the complaint is subject to

2

being summarily dismissed for the following reasons.

First, plaintiff's claim for damages from the State of Kansas is clearly barred by the Eleventh Amendment. Absent consent, the Eleventh Amendment bars a suit for damages against a state or state agency. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). This Eleventh Amendment bar applies to actions brought under § 1983, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and Kansas has not waived its immunity from suits for damages under § 1983, *Beck v. Kansas Adult Authority*, 241 Kan. 13, 21 (1987).

Second, to state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). It is well settled that court appointed defense attorneys serve the interest of their client and do not act "under color of state law" within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, plaintiff's allegations state no cognizable claim for damages against defendant Colle under § 1983. Nor does § 1983 provide any basis for relief for violations of state torts, such as the malpractice alleged by plaintiff. *See DeShaney v. Winnebago County DSS*, 489 U.S. 189, 201-03 (1989)(§ 1983 does not impose liability for violations of duties of care arising out of state tort law).

Third, to the extent plaintiff seeks an injunction to require the state court to appoint substitute counsel, such federal intervention in an ongoing state criminal proceeding is barred by the abstention doctrine which is based on comity and federalism concerns. *See Younger v. Harris*, 401 U.S. 37 (1971)(narrowly

proscribing federal injunctions and declaratory relief that interfere with on-going state criminal proceedings). No recognized exception to the *Younger* doctrine is evident in the present case.

For these reasons the court finds it is patently obvious that plaintiff cannot prevail on his claims, and concludes the complaint should be summarily dismissed because it would be futile to give plaintiff an opportunity to amend the complaint. *See Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir.), *cert. denied,* 534 U.S. 922 (2001).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma paupers, with payment of the district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the complaint seeking relief under 42 U.S.C. § 1983 is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

DATED: This 24th day of May 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge